Allen, J.
By the first section of the act concerning waste, 1 Rev. Code 462, an action for waste is given against any tenant by the curtesy, tenant in dower, or otherwise for life or years. This section is taken from the statute of Gloucester, 6 Ed. 1, chap. 5. At common law, according to Lord Coke, waste was punishable in three persons, tenant by the curtesy, tenant in dower, and the guardian; but not against tenant for life or for years. 2 Inst. 299. But in this it seems he was mis *512 taken, for tenant for life was punishable for waste at common law. 10 Bacon’s Abr., title Waste, letter H, citing Bracton, lib. 4, c. 18.
rp^g question presented by the case under considerat¡011 j -whether the alienee of the husband who, with 7 / his wife, was seized in fee in right of the wife, is such a tenant for life as by the common law, if according to Bracton, a tenant for life was punishable for waste at common law, or by the statute of Gloucester, could be sued in an action of waste ? We have not been referred to any decision in the English Courts, or our own, which decides the question; and I have not been able to discover any case or dictum which bears directly on the question, in any of the English reporters or elementary writers. The point, indeed, could seldom arise there. The husband and wife being seized in fee in right of the wife, owing to this union of persons by the marriage, the law looking upon them as one person, the alienation of the husband extended to the whole estate of the wife, worked a discontinuance, and the alienee was in of the whole estate of the wife: He did not hold subject to the reversionary interest of the wife, but held the whole fee in his own right; and at common law she was driven to her writ of right or writ of entry cui in vita, until the stat. of 32 Hen. 8, reserved to the wife her right of entry, notwithstanding the alienation of the husband.
By the 20th section of the act concerning conveyances, 1 Rev. Code, p. 368, no man can alien more than he may rightfully pass. Whatever may be the effect of the alienation of the husband of the wife’s estate in fee, whether it would be construed since our statute as passing the whole fee to the alienee subject to, and liable to be defeated by, the wife’s entry; in this case no such question arises; it was a proceeding under the insolvent law, and the surrender and deed purported to be, not of the fee, but of the husband’s life estate.
*513 By the marriage the husband gains a freehold estate in right of the wife, of the lands of which she was seized in fee. Coke Litt. 351. In consequence of the unity of person the husband has the right of possession ; and though he gains only a right to take the rents and profits, he cannot, in consequence of that unity of person, be sued at law by his wife for waste. Strictly speaking, the seizin is in both, yet the husband may alien his possession and the right to the pernancy of the profits ; and such alienation will be good as against himself. Thos. Coke 243, note L.
Does not such alienation create an estate for life in the alienee ? It must endure during the joint lives of husband and wife, and may, if he is tenant by the curtesy initiate, endure during his life. Notwithstanding the wife has not joined, yet as his alienation at common law in fee worked a discontinuance of the whole estate of the wife until avoided by entry, the whole estate of the wife being in the mean time in the alienee; so his alienation now, must have the same effect to the extent of that which he could rightfully pass and lawfully part withal.
That right is, his right to the possession for life or during coverture, and to the pernancy of the profits. To that extent his alienation still operates as a discontinuance of the seizin of the wife, by the creation of a freehold estate in the alienee. Unless this be so, the condition of the alienee must be an anomalous one; he is not the agent of the husband to take the profits for his principal, or his bailiff to enter and hold possession for him. He enters and takes the profits as alienee for his own benefit; the right endures for life; and the freehold must abide somewhere or be in abeyance. It seems to me, we can only reconcile the estate thus created with the principles of the common law in regard to the joint seizin of husband and wife, by treating such separate alienation of the husband as a discontinu *514 ance daring life; as at common law his alienation in fee discontinued the whole estate of the wife, and vested it in the alienee. If so, the deed of the husband creates a life estate, and the life-tenant holds, subject to all the incidents of every other life-tenant; one of which, by the words of our statute, is the liability to be punished for waste. The reversion in fee remains with the wife, and the tenant holds under her. It is the same as if she herself had carved a life estate out of her fee. For her husband, with whom she is one, has done so, and by the marriage this he could lawfully do. It would follow, if these views are correct, that the action of waste may be maintained in such a case; and that it is properly brought in the name of husband and wife, for she cannot sue in her own name. And though he may be seized of the reversion with her, as it is a reversion which never can re-unite with the possession during his life, there is no interest in him which could pass to his alienee. Nor can his alienee claim to be exempt from an action of waste because the husband was dispunishable. The exemption of the husband is personal, proceeding from the unity of person, and because the Avife can maintain no action at. law against him. The alienee is vested with all his rights, so far as the subject matter is involved : the right of possession and to take the rents and profits. The law will not presume a wrongful act of the husband to the disherison of the Avife; and if committed by him there is no remedy. To such personal exemption the alienee can set up no pretence. When he commits waste he does an injury to the reversioner, and exceeds the authority which, by law, such a tenant can exercise, and is liable to the action of the one next in reversion.
In conformity with these vietvs, it is said, in 2 Kent’s Comm., Lecture 28, Husband and wife, p. 131, that “if the assignee or the creditor of the husband, who takes possession of the estate, on a sale on execution of his *515 freehold interest, commits waste, the wife has her action against him, in which the husband must join; for, though the assignee succeeds to the husband’s right to , , ° . . the rents and profits, he cannot commit waste with impunity. But if the husband commit waste, the coverture is a suspension of the common law remedy of the wife against him.” And for this doctrine Bab & wife v. Perley, 1 Greenl. R. 6, is cited. That case was an action of trespass on the case, for an injury done to the interest of the wife by wasting the premises. The case was not, technically, an action of waste under the statute of Gloucester; the husband being seized, in right of the wife, the locus in quo was extended by a judgment creditor of the husband; but the general doctrine controlling this case is affirmed by the Court. The Court assimilates that case to one in which the husband had conveyed his interest by deed, and says it would be the common case of a division of a fee-simple estate into a freehold in the alienee and a reversion in the wife; and the alienee, having only a life-estate, could not commit waste, as it would be inconsistent with his estate. Upon principle and authority it would, therefore, seem that the action may be maintained.
It was objected, that the declaration was defective in setting out a defective case; an error which, it is alleged, could not be cured by a verdict. The declaration alleges the reversion to be in the wife. In Green v. Cole, 2 Saund. R. 235, n. 2, it is said, that if husband and wife bring the action, the declaration must state the reversion to be in both : namely, that they are seized of said reversion in their demesne as of fee in right of the wife. Earl of Clanrickard v. Sidney, Hobart’s R. 1. But in that case it was held by two of the Judges against two, that the words “ to the disinheriting” do, after verdict, cure the want of stating the quantity of estate the plaintiff was seized of; but this the annotator thinks questionable.
*516 In the same case, 236, n. 4, it is said that it must be laid to the disinheriting of the wife, for it is her estate that is damnified ; and if alleged to be to the disinherit- ^ wrjt muS{ abate. The objection, it stl’llfes me> would be hypercritical even on a general demurrer. When the reversion is alleged to be in the wife, the conclusion of law is, that they are jointly seized. Here the declaration charges it to be to the disinheriting of the wife, which, in the case referred to, would, in the opinion of two of the Judges, have cured the defect after verdict. The case, as stated, shews that husband and wife were seized of the reversion in right of the wife, for that is the legal consequence of averring that the reversion in fee is in her, and if the omission to aver they were so jointly seized be a defect, it is a defective statement of a good case; and our statute of jeofails cures it after verdict, even though it might have been taken advantage of by a demurrer.
The verdict is said to be objectionable. The verdict is general, so far as it relates to the waste, and finds the defendant guilty of the waste, in manner and form as in the declaration is averred ; but the plaintiff, waiving a recovery of the place wasted, it proceeds to assess the damages for particular parts of the waste. The finding, it seems to me, responds to the whole issue, and finds the party guilty of the waste, charged in the whole, not in any particular part; and as the plaintiffs waived a recovery of the places wasted, it could not have been necessary to set out the locus in quo more particularly, or to find any part of the issue for the defendant; for that would have been inconsistent with the general finding of guilty of the waste, as charged. Nor is it necessary for the protection of the defendant against a future action for the same cause. The verdict and judgment cover all the waste charged.
The facts found, it is said, do not shew that the acts complained of would, in law, amount to waste. The *517 verdict does not purport to be a finding of all the facts necessary to make out the plaintiffs’ case ; it is a general finding in favour of the plaintiffs upon the question of waste, subject to the opinion of the Court, whether, under the state of the title as found, the action could be maintained. Whether the facts in evidence constituted waste in law or not, was a question for the jury, under the instruction of the Court. It has been found, and whether it amounted to waste or not, is not now open for enquiry on this verdict.
The title is, I think, sufficiently found ; for where it is said the husband was seized in fee in right of his wife, it necessarily implies both were seized iti fee in right of the wife. The schedule and deed to the sheriff describe the subject as all the interest of the husband being a life estate in the premises. This estate was vested in the defendant, constituting him a tenant for life, creating an estate to endure either during the joint lives of husband or wife, or during the life of the husband if he was tenant by the curtesy initiate, and as incident to such an estate, subjecting him to an action of waste at the suit of the reversioner.
I think the judgment should be affirmed.
Bhooke, J. The question whether the defendant was liable to an action of waste in this case, depends upon the character of the estate which each of the parties held. It is insisted for the appellant, that Allen was tenant by the curtesy initiate, and not subject to the action of waste until the death of his wife, when ho would be tenant by the curtesy consummate ; and so subject to the action, by the statute of Gloucester, and our act.
The creditor of Allen could get no more than Allen was entitled to; and when Allen's interest was purchased at the sale of the schedule of his property, the purchaser acquired only Allen's interest in it. Allen and wife *518 were the joint tenants in the fee; and Dejarnatte was their tenant for life, and as such liable to an action of waste under the statute. I concur with Judge Allen in wj10]e 0f hjs Opjnion upon this point, and on the details of the proceedings, and think the judgment must be affirmed.
Daniel, J. concurred in the opinion of Judge Allen.
Baldwin, J. dissented.
Judgment affirmed.